IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CONSTANCE GIBBONS, individually and on behalf of all others similarly situated, | : : : : | Civil Action No. |
| Plaintiff, | : : | Class and Collective Action Complaint |
| v. | : : | Jury Trial Demanded |
| OFFICE DEPOT, INC. | : : | |
| Defendant. | : : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Constance Gibbons, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint (the "Complaint") against Defendant Office Depot, Inc. ("Defendant" or "Office Depot"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-4.2, *et seq.*, §§ 34:11-56a, *et seq.*, and §§ 12:56-6.1, *et seq.* ("NJWHL"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff brings this action under the FLSA on behalf of all Assistant Store Managers ("ASMs") and other individuals paid by the same compensation method holding comparable positions but different titles employed by Office Depot at its stores within the United States (the "Collective Action Class"). Office Depot violated the FLSA by failing to pay ASMs for all hours worked, failing to pay ASMs overtime on a timely basis, and failing to pay ASMs the legally required amount of overtime compensation in an amount required by law for all hours

worked over forty in a workweek. Plaintiff and the Collective Action Class are entitled to unpaid wages from Office Depot for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

2. Plaintiff also brings this action under the NJWHL pursuant to FED. R. CIV. P. 23 on behalf of all ASMs and other individuals paid by the same compensation method holding comparable positions but different titles employed by Office Depot at its stores within the State of New Jersey (the "New Jersey Class"). Office Depot violated the NJWHL by failing to pay ASMs for all hours worked, failing to pay ASMs overtime on a timely basis, and failing to pay ASMs the legally required amount of overtime compensation in an amount required by law for all hours worked over forty in a workweek. Plaintiff and the New Jersey Class are entitled to unpaid wages from Office Depot for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the NJWHL.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

5. This Court has jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1367 because those claims are so related to her FLSA claims that they form part of the same case or controversy.

6. Upon information and belief, at least one member of the proposed Classes is a citizen of a state different from that of Defendant, and at least one member of the proposed Classes has claims which value in excess of $75,000, including damages, statutory damages and fees and costs.

7. Plaintiff's claims involve matters of national or interstate interest.

8. Defendant is subject to personal jurisdiction in the State of New Jersey.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **PARTIES**

11. Plaintiff is an adult individual residing in Sandyston, New Jersey, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. A copy of Plaintiff's consent is attached hereto as Exhibit A.

12. Defendant Office Depot, Inc. ("Defendant" or "Office Depot") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6600 North Military Trail, Boca Raton, Florida. Office Depot operates an enterprise engaged in commerce within the meaning of the FLSA. Defendant is and was engaged in business in the State of New Jersey so that the exercise of jurisdiction over it is proper. Office Depot had annual gross revenues in excess of $500,000 during the statutory time period applicable to this Complaint.

**FACTS**

13. Plaintiff was employed by Office Depot as an ASM at its store located in Totowa, New Jersey from approximately November 2009 to October 2010.

14. During this time, Plaintiff and the Collective Action Class (which includes the New Jersey Class) regularly worked in excess of 40 hours per workweek without receiving the legally required amount of overtime wages from Office Depot for all hours worked by her and also did not receive the legally required amount of overtime compensation as required by the FLSA and the NJWHL.

15. Office Depot maintained a uniform policy or practice of willfully failing to pay her and the Collective Action Class (and the New Jersey Class) for all hours worked, and also did not pay them the legally required amount of overtime compensation in an amount required by law and on a timely basis in violation of the FLSA and the NJWHL.

16. Office Depot also failed to maintain accurate and sufficient timekeeping records in compliance with the FLSA.

17. Office Depot's failure to comply with the FLSA and NJWHL caused Plaintiff and the Collective Action Class members to suffer lost wages and interest thereon.

18. All actions and omissions described in this Complaint were made by Office Depot directly or through its supervisory employees and agents.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

19. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Class, as defined above.

20. Plaintiff desires to pursue her FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

21. Plaintiff and the Collective Action Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

22. Specifically, Office Depot failed to pay the members of the Collective Action Class the legally required amount of overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder, including 29 C.F.R. § 778.114.

23. Office Depot violated the FLSA and the regulations promulgated thereunder, including 29 C.F.R. § 778.114, because it (1) failed to pay a fixed salary regardless of the number of hours worked by paying holiday and day off pay in addition to the weekly salaries of Plaintiff and the Collective Action Class, (2) failed to provide Plaintiff and the Collective Action Class with a clear, mutual understanding that Office Depot will pay the employee a fixed salary regardless of the number of hours worked, (3) failed to pay Plaintiff and the Collective Action Class a fifty percent (50%) overtime premium in addition to the full fixed weekly salary for all hours worked in excess of forty (40) during the week, and (4) illegally made deductions from the salaries of the Plaintiff and the Collective Action Class when they worked fewer than 40 hours in a workweek and/or took a sick or personal day when the Plaintiff and Collective Action Class exhausted their accrued sick or personal leave time.

24. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Defendant employs many ASMs throughout the United States who are compensated pursuant to Office Depot's common policy regarding overtime compensation. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

25. According to Office Depot's Form 10-K, there are 1,131 stores located throughout the United States.

## CLASS ACTION ALLEGATIONS

26. Plaintiff sues on her own behalf and on behalf of the New Jersey Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

27. Office Depot violated the NJWHL and the regulations promulgated thereunder, including, by adoption, 29 C.F.R. § 778.114 because it (1) failed to pay a fixed salary regardless of the number of hours worked by paying holiday and day off pay in addition to the weekly salaries of Plaintiff and the Class Action Class, (2) failed to provide Plaintiff and the Class Action Class with a clear, mutual understanding that Office Depot will pay the employee a fixed salary regardless of the number of hours worked, (3) failed to pay Plaintiff and the Class Action Class a fifty percent (50%) overtime premium in addition to the full fixed weekly salary for all hours worked in excess of forty (40) during the week, and (4) illegally made deductions from the salaries of the Plaintiff and the Class Action Class when they worked fewer than 40 hours in a

6

workweek and/or took a sick or personal day when the Plaintiff and Class Action Class exhausted their accrued sick or personal leave time.

28. The New Jersey Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 100 members of the New Jersey Class.

29. There are questions of law and fact common to the members of the New Jersey Class that predominate over any questions solely affecting the individual members of the New Jersey Class, including, without limitation:

a. Whether Office Depot employed Plaintiff and the New Jersey Class members within the meaning of the NJWHL;

b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

c. Whether Office Depot failed to pay Plaintiff and the New Jersey Class members for all of the hours they worked;

d. Whether Office Depot failed to pay Plaintiff and the New Jersey Class the legally required amount of overtime compensation for hours worked in excess of forty hours per workweek, in violation of the NJWHL and the regulations promulgated thereunder including, by adoption, 29 C.F.R. § 778.114;

e. Whether Office Depot is liable for all damages claimed by Plaintiff and the New Jersey Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

f.      Whether Office Depot should be enjoined from continuing to violate the NJWHL in the future.

30.     Plaintiff's claims are typical of the claims of the members of the New Jersey Class. Plaintiff has the same interests in this matter as all other members of the New Jersey Class.

31.     Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

32.     Class certification of Plaintiff's NJWHL claim is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Office Depot has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the New Jersey Class are entitled to injunctive relief to end Office Depot's common and uniform policy and practice of denying the New Jersey Class the wages to which they are entitled.

33.     Class certification of Plaintiff's NJWHL claim is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

34.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

41.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

42.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Class members within the meaning of the FLSA.

44. At all relevant times, Defendant has had annual gross revenues exceeding $500,000.

45. At all relevant times, Defendant had a policy and practice of willfully refusing to pay its ASMs and all Collective Action Class members the legally required amount of overtime compensation for all hours worked in excess of forty hours per workweek, as well as failed to pay them overtime compensation on a timely basis in violation of the FLSA.

47. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a) and 29 C.F.R. § 778.114.

48. Defendant has failed to make, keep and preserve records with respect to Plaintiff and the Collective Action Class members sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

50. Due to Defendant's FLSA violations, Plaintiff and the Collective Action Class members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state

unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**NEW JERSEY WAGE AND HOUR LAW**

51.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

52.     At all relevant times, Plaintiff and the New Jersey Class members were employed by Defendant within the meaning of the NJWHL.

53.     Defendant willfully violated Plaintiff's rights and the rights of the New Jersey Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times the regular rate of pay for all hours worked by them in excess of forty in a workweek in violation of the NJWHL and its regulations.

54.     Defendant's NJWHL violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

55.     Due to Defendant's NJWHL violations, Plaintiff and the New Jersey Class are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to NJWHL § 34:11-56a25.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

a.     Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. §

216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statue of limitations;

      b.    Certification of the New Jersey Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and her counsel to represent the members of the New Jersey Class;

      c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL;

      d.    An injunction requiring Office Depot to cease its unlawful practices under, and comply with, the NJWHL;

      e.    An award of unpaid wages for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and the NJWHL;

      f.    An award of liquidated and/or punitive damages as a result of Office Depot's willful failure to pay for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

      g.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

      h.    An award of prejudgment and post-judgment interest;

      i.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      j.    Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

Dated:  May 18, 2012           KLAFTER OLSEN & LESSER LLP
       Rye Brook, New York

_____
Seth R. Lesser
Fran L. Rudich*
Michael J. Palitz
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone:  (914) 934-9200
Facsimile:  (914) 934-9220
slesser@klafterolsen.com
frudich@klafterolsen.com
mpalitz@klafterolsen.com

Shanon J. Carson*
Sarah R. Schalman-Bergen*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-4656
Facsimile:  (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net

Gary Mason*
Nicholas Migliaccio*
Jason Rathod*
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294
GMason@wbmllp.com
NMigliaccio@wbmllp.com
JRathod@wbmllp.com

*Attorneys for Plaintiffs*

*to apply for admission *pro hac vice*