NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CONSTANCE GIBBONS, individually and behalf of all others similarly situated, | : : : : : : : : : : : : : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 12-cv-02992(DMC) (JAD) |
| Plaintiff, |  |  |
| v. |  |  |
| OFFICE DEPOT, INC., |  |  |
| Defendant. |  |  |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

This matter comes before the Court upon motion by Defendant Office Depot, Inc. ("Defendant" or "Office Depot") to dismiss the Complaint of Plaintiff Constance Gibbons, brought on behalf of all Assistant Store Managers ("ASMs") and other individuals paid by the same compensation method holding comparable positions employed by Office Depot at its stores within the United States pursuant to FED. R. CIV. P. 12(b)(6). (Defs. Mot. Br., July 11, 2012, ECF No. 11-1). Pursuant to FED. R. CIV. P 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons expressed herein that Defendant's Motion to Dismiss is **denied in part** and **granted in part**.

I.  **BACKGROUND**

Plaintiff was employed by Office Depot as an ASM at its store located in Totowa, New Jersey from approximately November 2009 to October 2010. (Compl. ¶ 13, May 18, 2012, ECF No. 1). Plaintiff alleges that she and the individuals on whose behalf she also brings suit regularly

1

worked in excess of forty hours per workweek without receiving the legally required amount of overtime wages required to ensure compliance with the Fair Labor Standards Acts of 1938 ("FLSA") and the regulations promulgated thereunder, including 29 C.F.R. § 778.114. (Compl. ¶ 22). Plaintiff further alleges Office Depot violated the New Jersey State Wage and Hour Law ("NJWHL") and the regulations promulgated thereunder, including, by adoption, 29 C.F.R. § 778.114, by failing to pay Plaintiff the legally required amount of overtime compensation at rates not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40). (Compl. ¶¶ 27, 53).

## II.  LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a

2

'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D. N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

#### A. FLSA Claims

The FLSA requires that, if an employee is to work longer than forty (40) hours per workweek, an employer must compensate the employee "at a rate of not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). However, the fluctuating workweek method ("FWW") may be utilized as an alternative for calculating overtime premiums in some instances. Brumley v. Camin Cargo Control, Inc., Civ. No. 08–1798, 2010 WL 1644066, at *3 (D.N.J. Apr. 22, 2010). To pay employees under a "fluctuating workweek" plan under the FLSA, an employer must meet the following requirements: (1) employee's hours must fluctuate from week to week; (2) employee must receive a fixed weekly salary that remains the same regardless of number of hours employee works during week; (3) the fixed amount must be sufficient to provide compensation at regular rate not less than legal minimum wage; (4) employer and employee must have a clear, mutual understanding that employer will pay employee the fixed weekly salary regardless of hours worked; and (5) employee must receive fifty (50) percent overtime premium in addition to fixed weekly salary for all hours that employee works in excess of 40 during that week. FLSA, § 7(a)(1), 29 U.S.C.A. § 207(a)(1); 29 C.F.R. § 778.114.

Office Depot's method of overtime payment is modeled after this calculation. Using this method, the total wages earned per week are divided by the actual hours worked to determine the hourly rate, also known as the "regular rate." (See Def.'s Br. 14). The question before the court here is whether Office Depot has met the prerequisites for applying the FWW method. Plaintiff

3

alleges that Office Depot's compensation practice violates the FLSA in several respects. Plaintiff asserts that (1) Office Depot makes impermissible additional payments to ASMs, thus failing to meet the "fixed salary" prerequisite; (2) Office Depot fails to provide a "clear, mutual understanding" of the FWW pay practice to its ASMs; and (3) Office Depot fails to pay ASMs a fifty percent overtime premium in addition to the fixed weekly salary for all hours worked in excess of forty in a workweek. (Pl.'s Opp. Br. 6, Aug. 6, 2012, ECF No. 22).

The Court is not convinced that Defendants pay Plaintiff a salary that is a "fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many." 29 C.F.R. § 778.114(a). Plaintiff points out that Office Depot's policy provides for three situations in which holiday pay affects the ASM's fixed salary. (Pl.'s Opp. Br. 7). Plaintiff asserts that ASMs who work forty hours or fewer including (including eight holiday hours) receive only the fixed salary and not premium pay for holiday hours. (Pls. Opp. Br. 22; Ellis Decl., Exh. A, Office Depot's Salary + Overtime Frequently Asked Questions, July 11, 2012, ECF No, 11-2).[1] Similarly, ASMs who work fewer than forty hours a week and for whom holiday hours would bring the total hours worked over forty, a portion of holiday pay will be given in addition to the fixed salary. (Pls. Opp. Br. 22; Ellis Decl., Exh. A). If an ASM works forty hours or more in a workweek, the ASM receives the entire eight hours of holiday pay in addition to the fixed salary. (Pls. Opp. Br. 22; Ellis Decl. 5, Exh. A). The Court is convinced that due to such payments, Plaintiff cannot receive the fixed salary required to apply the FWW. See, e.g., Adeva v. Intertek USA, Inc., Civ. No. 09–1096, 2010 WL 97991, at *2 (S.D. Tex. Jan. 11, 2010) (holding plaintiffs did not receive the fixed salary required to apply the FWW because their compensation for non-

---

[1] The Third Circuit has made clear that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." Angstadt v. Midd-West School Dist., 377 F.3d 338, 342 (3d Cir. 2004) (quoting U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002)). Plaintiff's Complaint alleges that Office Depot's policy on overtime and holiday pay violates the FLSA and NJWHL. Accordingly, documents citing to Office Depot's salary and overtime policies may be appropriately considered.

overtime hours varied); O'Brien v. Town of Agawam, 350 F.3d 279, 288 (1st Cir. 2003) (holding that a ten-dollar night-shift increase precluded application of the FWW); Ayers v. SGS Control Services, Inc., Civ. No. 03-9077, 2007 WL 646326 (S.D.N.Y. Feb. 27, 2007) (holding "any Plaintiff who received sea pay or day-off pay did not have fixed weekly straight time pay, in violation of 29 C.F.R. § 778.114(a)."); Dooley v. Liberty Mutual Insurance Company, 369 F. Supp.2d 81, 86 (D. Mass. 2005) (holding that application of the FWW is precluded by a payment of a premium rate for weekend work).

Office Depot asserts Plaintiff's reliance on a series of cases is misplaced as, in those cases, the courts found the fixed salary requirement for application of the FWW was not satisfied due to fluctuating pay received. (See Def.'s Br. 21). Office Depot attempts to differentiate the instant matter from those cases, asserting that the holiday pay issued here is not for hours worked and is provided to employees regardless of whether they work on a particular holiday. (Def,'s Br. 21-24). However, as Plaintiff points out, the amount of holiday pay received by ASMs differs in accordance with the total number of hours worked within that pay period. (Pl.'s Br. 15). For example, ASMs who work less than forty hours a receive only the fixed salary and not premium pay for holiday hours, while ASMs who works forty hours or more in the workweek receive the entire eight hours of holiday pay in addition to the fixed salary. (Pls. Opp. Br. 22; Ellis Decl. 5-6, Exh. A).

If the regulation merely required that employees received a minimum salary every week, which could be increased by such bonuses irrespective of hours worked, then Defendant's argument would have substantial merit. However, that is not the case. Plaintiff alleges, and this court must accept at this stage, that Office Depot makes additional payments to ASMs dependent upon the hours worked by the ASMs prior to the time the holiday pay is administered and such payments are impermissible under the "fixed salary" requirement of 29 C.F.R. § 778.114(a).

Furthermore, Plaintiff alleges that Office Depot failed to provide a clear, mutual

understanding, as required for application of the fluctuating workweek method. (Pl.'s Opp. Br. 13). Office Depot asserts that it indisputably provided Plaintiff with Frequently Asked Questions and a Fluctuating Workweek Compensation Agreement, explaining that ASMs "will be paid a fixed salary for all hours worked and reported each workweek, whether many or few." (Def.'s Br. 19). However, Office Depot then conceded that "[w]hile Office Depot does not have Plaintiff's executed acknowledgment, the checklist indicates that it was received." (Ellis Decl. at ¶ 5, July 11, 2012, ECF No. 11-2). Further, as Plaintiff points out, the Acknowledgment Form does not explain the holiday pay premium payments. (See Ellis Decl., Exh. B). Accordingly, Defendant's Motion to Dismiss is denied as to Plaintiff's FLSA claims.

### B.   NJWHL Claims

Plaintiff also brings this action under the NJWHL pursuant to FED. R. CIV. P. 23 on behalf of all ASMs and other individuals paid by the same compensation method holding comparable positions employed by Office Depot at its stores within New Jersey. (Compl. ¶ 2). Plaintiff petitions the Court to exercise jurisdiction over her NJWHL claim pursuant to the Court's discretionary authority under 28 U.S.C. § 1367. (Compl. ¶ 5). Specifically, Plaintiff asserts that the Court should exercise supplemental jurisdiction over her state class action claims for minimum wage and overtime because they form part of the same case or controversy. (Compl.¶ 5). This Court disagrees.

Third Circuit precedent dictates that a district court must analyze whether a plaintiff may bring an FLSA collective action and a state law class action simultaneously in federal court "through the lens of supplemental jurisdiction." Woodard v. FedEx Freight East, Inc., 250 F.R.D. 178, 182 (W.D.Pa.2008) (citing De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir.2003)). Pursuant to 28 U.S.C. § 1367(a), which governs supplemental jurisdiction, where a federal court has jurisdiction over a plaintiff's federal claims, the court may also exercise supplemental jurisdiction over the plaintiff's state law claims "that are so related to [the plaintiff's federal] claims

6

. . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). As the Third Circuit explained in De Asencio "a district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact[s]' with the claims that supported the district court's original jurisdiction." 342 F.3d at 308 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

Here, the Court may exercise jurisdiction over both Plaintiff's FLSA and NJWHL claims pursuant to § 1367(a). See De Asencio, 342 F.3d at 308 ("Where the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious.") (internal quotation omitted). Both Plaintiff's FLSA and NJWHL claims allege that Defendant failed to pay her and other similarly situated employees proper overtime payments. In fact, Plaintiff adopts the entirety of the allegations contained in the FLSA claim into the state wage and hour claims. (See Compl.¶¶ 51-55). Thus, Plaintiff's claims under the FLSA and the NJWHL are connected by a common nucleus of operative facts.

However, although 28 U.S.C. § 1367(a) grants the court authority to exercise supplemental jurisdiction over Plaintiff's NJWHL claim, a court "may decline to exercise supplemental jurisdiction over a [state law] claim . . . if—in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4) (emphasis added). In Joseph v. Caesar's Entm't Corp., this Court declined to exercise jurisdiction over the plaintiff's FLSA collective action and NJWHL class action because it determined that a conflict existed between the "opt-in" mechanism created by the FLSA and the "opt-out" mechanism created by Rule 23.6. Civ. No. 10–6293, 2011 WL 297543, at *3 (D.N.J. July 21, 2011). More specifically, the Court found that allowing a party to bring a Rule 23 class action for relief based upon the same conduct that gave rise to an FLSA collective action would undermine the intent of Congress to

7

limit FLSA collective actions to plaintiffs who expressly "opt-in" to the lawsuit. Troncone v. Velahos, Civ. No. 10-2961, 2011 WL 3236219, at *5 (July 28, 2011 D.N.J) (citing Joseph, 2011 WL 297543, at * 9). The Court determined the conflict between the "opt-in" and "opt-out" mechanisms presented a "compelling reason" to decline to exercise supplemental jurisdiction under § 1367(c)(4). See id. The same conflict is presented here.

Plaintiff's FLSA claim alleges that Defendants failed to pay her and other similarly situated employees the legally required amount of overtime compensation for all hours worked in excess of forty hours in a workweek. (Compl. ¶ 47). Plaintiff's NJWHL claim contains identical allegations. Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state class action under the NJWHL. Accordingly, Plaintiff's NJWHL class action is dismissed.

### IV.  CONCLUSION

Accordingly, this Court finds that Defendant's Motion to Dismiss is **denied in part** and **granted in part**. Plaintiff's NJWHL claim is dismissed.

Dennis M. Cavanaugh, U.S.D.J.

DATED: FEB. 20, 2013

Original: Clerk
cc: All Counsel of Record
Hon. J. A. Dickson, U.S.M.J.
File