# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is executed on July 11, 2017 and sets forth the terms respecting settlement of claims (the "Settlement") by and between the Named Plaintiffs and Putative Opt-ins (collectively, the "Plaintiffs") in *Kyle Rivet, Jeremiah Harriet, Jamie Stewart Williams, Brent Kaufman, and Ron Bell v. Office Depot, Inc.,* Case No. 2:12-cv-02992-WJM-MF (D.N.J.) ("*Rivet*") and Office Depot, Inc. ("Office Depot"). Plaintiffs are represented by Klafter Olsen & Lesser LLP ("KOL"), Berger & Montague, P.C. ("B&M"), Whitfield Bryson & Mason LLP ("WBM"), Migliaccio and Rathod ("M&R"), and Locks Law Firm ("Locks"). Office Depot is represented by Morgan Lewis & Bockius LLP. Plaintiffs and Office Depot are collectively referred to as the "Parties."

## RECITALS

A.     On May 18, 2012, Constance Gibbons, an Office Depot Assistant Store Manager ("ASM"), on behalf of herself and alleged similarly situated individuals, filed a Complaint against Office Depot in the United States District Court for the District of New Jersey, claiming, *inter alia,* that Office Depot failed to pay her overtime required by the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"), Dkt. No. 1 ("Lawsuit");

B.     The Court granted in part and denied in part Office Depot's motion to dismiss, denying the motion as to the FLSA claim and granting the motion as to the NJWHL claim, Dkt. No. 35;

C.     Office Depot answered the Complaint and denied that it violated any wage and hour law, including the FLSA, Dkt. No. 38;

D.     After Ms. Gibbons accepted an offer of judgment, the Complaint was amended three times; the operative Third Amended Complaint was filed by Kyle Rivet, Jeremiah Harriet, Jamie Stewart Williams, Brent Kaufman and Ron Bell. Rivet asserted an FLSA collective claim on behalf of himself and alleged similarly situated ASMs; Harriet asserted a class action claim under Maryland Wage and Hour Law ("MWHL"), MD. Code Ann., Lab. & Empl. § 3-401, *et seq.*, on behalf of himself and alleged similarly situated ASMs in Maryland; Williams asserted a class action claim under Oregon wage law and implementing regulations, OR. Rev. Stat. Ann. §§ 633.261(1), 652.120, 652.145, 652.230, *et seq.*, 653.055 and OR. Admin. R. 839-020-0030, *et seq.* ("Oregon Wage Laws") on behalf of himself and alleged similarly situated ASMs in Oregon; Kaufman asserted a class action claim under Washington Minimum Wage Act, Wash. Rev. Code Ann. § 49.46, *et seq.*, 49.52.50, 49.48.030 ("WMWA") on behalf of himself and alleged similarly situated ASMs in Washington; and Bell asserted a class action claim under Colorado Minimum Wage Act ("CWMA"), Colo. Rev. Stat. Ann. § 8-6-101, *et seq.* and implementing regulations, 7 Colo. Code Regs. §§ 1103-1:1, *et seq.*, Colo. Rev. Stat. §§ 8-4-101-80-4-123 ("CWA") on behalf of himself and alleged similarly situated ASMs in Colorado;

E.     On August 19, 2013, the parties stipulated, among other things, to conditional certification under the FLSA, Dkt. No. 117);

F.      Subsequently, the Court granted final certification of an FLSA collective action pursuant to 29 U.S.C. § 216(b), and granted class certification under Federal Rule of Civil Procedure 23(b)(3) of classes of ASMs who worked for Office Depot in Colorado, Maryland, Oregon, and Washington, and the Court appointed KOL, B&M, WBM, and Locks as Class Counsel, Dkt. No. 234; and

G.      On May 3, 2017, with the assistance of United States Magistrate Judge Mark Falk, and following several previous attempts at mediation, the Parties negotiated a settlement in good faith and read the material terms of the settlement into the record;

## DEFINITIONS

Named Plaintiffs:  The Named Plaintiffs are: Kyle Rivet, Jeremiah Harriet, Jamie Stewart Williams, Brent Kaufman, and Ron Bell.

Collective:  The Collective is comprised of those individuals who submitted consents to join this action as party plaintiffs pursuant to 29 U.S.C. § 216(b), except for those individuals who withdrew their consents, who accepted offers of judgment, or whose claims have been dismissed.

Colorado Class.  The Colorado Class is comprised of those individuals who worked as Assistant Store Managers in Colorado for Office Depot from May 9, 2011 (three years prior to the filing of the Amended Complaint) until the date of Preliminary Approval, save for those individuals who accepted offers of judgment or whose claims were dismissed with prejudice.

Maryland Class.  The Colorado Class is comprised of those individuals who worked as Assistant Store Managers in Maryland for Office Depot from May 9, 2011 (three years prior to the filing of the Amended Complaint) until the date of Preliminary Approval, save for those individuals who accepted offers of judgment or whose claims were dismissed with prejudice.

Oregon Class.  The Colorado Class is comprised of those individuals who worked as Assistant Store Managers in Oregon for Office Depot from May 9, 2008 (six years prior to the filing of the Amended Complaint) until the date of Preliminary Approval, save for those individuals who accepted offers of judgment or whose claims were dismissed with prejudice.

Washington Class.  The Colorado Class is comprised of those individuals who worked as Assistant Store Managers in Washington for Office Depot from May 9, 2011 (three years prior to the filing of the Amended Complaint) until the date of Preliminary Approval, save for those individuals who accepted offers of judgment or whose claims were dismissed with prejudice.

State Law Class.  The State Law Class is comprised of the Colorado Class, the Maryland Class, the Oregon Class, and the Washington Class.

Relevant Period.  Relevant period means the period running from the beginning of the applicable statute of limitations period for each member of the Collective or State Law Class through the date of Preliminary Approval, as follows:

- For members of the Collective: three years prior to the filing of an individual's consent to join this action through the date of Preliminary Approval;

- For members of the State Law Class:

    o For individuals in the Colorado Class, Maryland Class, or Washington Class: May 9, 2011 (three years prior to the filing of the Amended Complaint) until the date of Preliminary Approval;

    o For individuals in the Oregon Class: from May 9, 2008 (six years prior to the filing of the Amended Complaint) until the date of Preliminary Approval;

If an individual is in both the Collective and the State Law Class, that individual's Relevant Period will be the longer of the two potentially applicable periods.

## THE SETTLEMENT

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. <u>The Settlement.</u>  This Settlement Agreement ("Settlement") is intended to resolve all wage and hour claims against Office Depot by the members of the Collective and the State Law Class.

2. <u>Settlement Sum.</u>  Office Depot will pay the total gross sum of $2.9 million ("Settlement Sum"), which amount will include settlement payments to all members of the Collective and the State Law Class, the employees' share of all payroll taxes, all attorneys' fees, costs, and expenses related to the Settlement, all costs and expenses of the claims administrator, and any Incentive Payments to the Named Plaintiffs.  The Settlement Sum will not include the employer's share of the payroll tax, which Office Depot will be responsible for.

3. <u>Allocation of Settlement Payment.</u>   After attorney's fees, costs, and expenses of the Settlement, payments to the claims administrator, and any Incentive Payments to the named Plaintiffs, the  remaining funds will be allocated *pro rata* to each member of the Collective and the State Law Class based on the number of workweeks in which the individual worked as an ASM at Office Depot during the Relevant Period.  Following the distribution of Collective Notice, *see* paragraphs 10 and 11, members of the Collective will receive their settlement award. Following the distribution of Class Notice, *see id.*, only those members of the State Law Class who return a Consent to Join Settlement Form will receive a settlement award.

4. <u>Remaining Funds.</u> Settlement awards allocated to individuals in the State Law Class who do not timely return a Consent to Join Settlement Form ("Remaining Funds") or who

do not negotiate their checks within 30 days, following due diligence by the Claims Administrator, shall be contributed as donations to 501(c)(3) non-profit organization.  50% of the Remaining Funds will be donated to a 501(c)(3) non-profit organization of Class Counsel's choosing, and 50% of the Remaining Funds will be donated to a 501(c)(3) non-profit organization of Office Depot's choosing.

5.    Released Claims:  Members of the Collective, as well as members of the State Law Class who do not timely Opt-Out of the Settlement, will, upon signing their settlement check, release against Office Depot and its former and present parents, subsidiaries and affiliates and their officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives, from any and all wage and hour claims, rights, and causes of action, whether known or unknown, under any federal, state, or local wage and hour law, including but not limited to the Fair Labor Standards Act, including without limitation statutory, constitutional, contractual, and common law claims for wages, damages, penalties, attorneys' fees, restitution, or equitable relief to the extent relating to or deriving from a wage and hour claim (including claims for overtime wages or any other wages) relating to employment at Office Depot as an ASM up to and including the date of Preliminary Approval.

6.    Additional Claims Released by Named Plaintiffs:  In addition to the claims released as set forth in paragraph 5 above, the Named Plaintiffs shall execute a general release of all claims against Office Depot.  A copy of the general release is attached hereto as Exhibit 1.

7.    Allocation of Settlement Payments:  The settlement payments to members of the Collective and the State Law Class shall be allocated 50% as lost wages, subject to all applicable withholding, and for which a Form W-2 shall be issued to each member of the Collective and the State Law Class, and 50% as non-wage income for which a Form 1099 shall be issued to each member of the Collective and the State Law Class.  Members of the Collective and the State Law Class shall be solely responsible for any and all tax liabilities arising from or related to any non-wage payment, including any interest and penalties.

8.    Incentive Payment to the Named Plaintiffs:  Subject to Court approval, the Named Plaintiffs shall each receive, and Office Depot shall not oppose, incentive payments of $10,000.00 per person.  Incentive Payments shall be allocated 100% as non-wage income for which a Form 1099 shall be issued to the Named Plaintiffs.  Members of the Collective and the State Law Class shall be solely responsible for any and all tax liabilities arising from or related to any Incentive Payment, including any interest and penalties.

9.    Attorneys' Fees and Litigation Expenses:  Class Counsel shall be permitted to seek and Office Depot will not oppose up to 33 1/3% of the Settlement Sum as attorneys' fees, plus an additional amount for reasonable litigation expenses and costs.   To the extent there is no approval of any or all of the amount of attorneys' fees, litigation expenses, and/or Incentive Payments sought by Plaintiffs' counsel, any amount disallowed by the Court will be redistributed to the members of the Collective and the State Law Class.

10.    Notice.  Notice of the Settlement shall be provided to members of the Collective and the State Law Class.  The members of the Collective will receive a Collective Notice.  The

members of the State Law Class will receive a State Law Class Notice.  The parties shall propose to the Court the form of notice contained in Exhibits 2 and 3 hereto.  Subject to any modifications by the Court, these notices shall constitute the Collective Notice and State Law Class Notice that will be sent to members of the Collective and the State Law Classes.

11.    <u>Deadlines</u>:

     a.    Within ten (15) business days after the Court issues the Preliminary Approval Order, Office Depot shall provide to the Claims Administrator the Database of members of the Collective and the State Law Class.  The Database shall be based on Defendant's payroll, personnel, and/or other business records and provided in a format acceptable to the Claims Administrator.

       i.    <u>Effect of Non-Approval</u>.  In the event the Court does not approve a term of this Agreement, the Parties will confer about appropriate revisions to this Agreement (if that is possible and agreed upon) and submit a revised Agreement to the Court for its approval.  Under no circumstances, however, will the Settlement Sum set forth in paragraph 2 increase, nor will either party be required to change any term it deems in its sole discretion material.

     b.    Within fifteen (15) business days of receipt of the Database, the Claims Administrator will send via first class mail the Court-approved Class Notice or Collective Notice to each Collective and State Law Class Member to their last known address (based on Office Depot data and updated as appropriate based on the Claims Administrator undertaking address verification) with an enclosed postage pre-paid return envelope addressed to the Claims Administrator. Any Class and Collective Notice returned as undeliverable shall be traced by the Claims Administrator using reasonable means to obtain a new address of addresses and be re-mailed on time by First Class Mail. The Claims Administrator will also send out reminder postcards 30 days after the initial mailing discussed in this paragraph.

     c.    All members of the State Law Class wishing to participate in the Settlement shall submit a Consent to Join form within 60 Calendar Days of the mailing of Class Notice.

     d.    All members of the State Law Class wishing to Opt Out of the Settlement shall submit an Opt-Out Request within 45 Calendar Days of the mailing of Class Notice.

     e.    All members of the Collective or the State Law Class wishing to object to the Settlement shall submit an objection within 45 Calendar Days of the mailing of Class Notice and Collective Notice.

f.      All members of the State Law Class wishing to join the Settlement shall submit a Consent to Join Settlement Form within 45 Calendar Days of the mailing of Class Notice.

g.      The Court shall schedule a Final Approval Hearing no earlier than 90 days calendar days from the mailing of the Class Notice and Collective Notice in accordance with 28 U.S.C. § 1715).

h.      Plaintiffs shall file their Motion for Final Approval and for an award of attorneys' fees, costs and Incentive Awards no less than two weeks prior to the Final Approval and Fairness Hearing.

i.      Within 15 business days after judgment becomes final (in the event the Court grants Final Approval), Office Depot shall pay to the Settlement Administrator the Court-approved allocation of the Settlement Payment to the members of the Collective and those State Law Class members participating in the Settlement, as well as the Court-approved attorneys' fees and expenses, and the Court-approved Incentive Awards for the Named Plaintiffs.

j.      Within 15 days after the payment described ¶ 11(i), the Settlement Administrator shall mail to each member of the Collective and each participating member of the State Law Class his or her individual settlement payment.  Checks not cashed within 60 days will become void.  Thirty days after the mailing of the settlement payments, the Settlement Administrator shall mail a reminder postcard to all individuals who have not cashed their checks.

12.     Confidentiality.  The Named Plaintiffs agree that they shall not disclose, publicize or make public statements about this settlement or its terms, except as required by law to secure approval of this settlement. After Final Approval, Plaintiffs' counsel may disclose facts related to this action and settlement to the extent required by the rules of professional responsibility, but advises that they have no present intention to issue a press release, hold a press conference or otherwise actively publicize or initiate or facilitate public statements about this action and settlement or its terms, including the creation of billboards, websites and/or videos (including cartoons and animation) dedicated to the settlement although they have a present intention of considering posting basic disclosures of publicly available information on their respective websites without reference to Office Depot by name.

13.     Administrator:  Angeion shall serve as Settlement Administrator in connection with the Settlement.

14.     Reservation of Rights If Settlement Not Approved:   If, for any reason, the Settlement is not approved, this Settlement will be null and void.  In such an event, neither this Settlement, nor the negotiations leading to the Settlement may be used as evidence for any

purpose, and Office Depot shall retain the right to challenge all claims and allegations, to assert all applicable defenses, and to dispute the claims on all applicable grounds.

15.     <u>No Admission of Liability:</u>  This Agreement shall not in any way be construed as an admission by Office Depot that it has acted wrongfully with respect to the Named Plaintiffs or any members of the Collective and the State Law Class, or to any other person, and Office Depot specifically disclaims any liability to or wrongful acts against the Named Plaintiffs or any members of the Collective and the State Law Class, or any other person, on the part of Office Depot.  Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Lawsuit or any other matters released in this Agreement.  Nor is this Agreement based on the merits of the Lawsuit.  Accordingly, the Parties agree that no party has prevailed on the merits and that this Agreement shall not serve or be construed as evidence that any party has so prevailed.

16.     <u>Non-Admission of Collective or Class Liability.</u>  The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of:  (a) a determination or admission that any group of similarly situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure (or comparable state laws or rules); (b) an adjudication of the merits of the Lawsuit; or (c) an adjudication of any other matters released in this Agreement.  Accordingly, and for purpose of this Agreement and effectuating its terms, the Parties agree that no party has prevailed and that this Agreement shall not serve or be construed to be, nor cited in nor be admissible in any proceeding as, evidence that any party has so prevailed or that Office Depot have engaged in any wrongdoing.

17.     <u>Administrator Data</u>. Named Plaintiffs and Plaintiffs' Attorneys shall not be entitled to the data provided by Office Depot to the Claims Administrator or otherwise collected by the Claims Administrator for purposes of administering the settlement, including, but not limited to, any list of the Putative Collective Members' names or contact information, except Plaintiffs' Attorneys shall be entitled to the names and contact information (including home address, telephone numbers and e-mail addresses) of Plaintiffs.

18.     <u>Governing Law and Forum Selection</u>.  This Agreement is made and entered into in the State of New Jersey and shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New Jersey.  Any legal action relating to this Agreement shall be brought in a court of competent jurisdiction in New Jersey.  Should any party to this Agreement institute any legal action against another party with respect to any dispute relating to this Agreement in a forum other than a court of competent jurisdiction in New Jersey, the responding party shall be entitled to recover from the initiating party all damages, costs, expenses, and attorneys' fees incurred as a result of such action.

19.     <u>Assignments</u>.  Named Plaintiffs and their counsel represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Lawsuit, or any related action.

20.     No Representations.  Named Plaintiffs and their counsel represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by Office Depot or by any of Office Depot's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement other than the representations reflected in this Agreement.

21.     Counterparts:  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts shall be deemed to be one and the same instrument.

22.     Binding Agreement.  This Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of Office Depot.

23.     Severability.  Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect. However, if the releases given by Named Plaintiffs members of the Collective or State Law Classes are deemed illegal, invalid, or unenforceable, the Named Plaintiff or member of the Collective or State Law Classes, as applicable, agree to execute a substantially similar release that is not illegal, invalid, or unenforceable.

24.     No Waiver.  The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions. Moreover, it shall not be a waiver of such party's right thereafter to enforce each and every term and condition of this Agreement.

25.     Construction.  Each party and counsel for each party has reviewed this Agreement prior to signing the Agreement.  Therefore, the normal rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the writing shall not apply to any action on this Agreement.

26.     Sole and Entire Agreement.  This Agreement sets forth the entire agreement between the Parties hereto.  This Agreements fully supersedes and replaces any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof.  This Agreement may only be modified in writing.

Executed this 12 day of July, 2017 by:     _____
                                            for Office Depot, Inc.

                                            Print Name:  Stephen R. Calkins

                                            Title:  EVP, CLO
                                                    (Chief Legal Officer)

Executed this ___ day of July, 2017 by:

*Kyle Rivet*
Kyle Rivet (Jul 12, 2017)
_____
Kyle Rivet

Executed this ___ day of July, 2017 by:

_____
Jeremiah Harriet

Executed this ___ day of July, 2017 by:

_____
Jamie Stewart

Executed this ___ day of July, 2017 by:

_____
Brent Kaufman

Executed this ___ day of July, 2017 by:

_____
Ron Bell

Executed this __ day of July, 2017 by:

_____
Kyle Rivet

Executed this __ day of July, 2017 by:

*Jeremiah Harriet*
Jeremiah Harriet (Jul 13, 2017)
_____
Jeremiah Harriet

Executed this __ day of July, 2017 by:

_____
Jamie Stewart

Executed this __ day of July, 2017 by:

_____
Brent Kaufman

Executed this __ day of July, 2017 by:

_____
Ron Bell

Executed this ___ day of June, 2017 by:     _____
                                            Kyle Rivet


Executed this ___ day of June, 2017 by:     _____
                                            Jeremiah Harriet

                                            *Jamie Stewart Williams*
                                            Jamie Stewart Williams (Jul 12, 2017)
Executed this ___ day of June, 2017 by:     _____
                                            Jamie Stewart


Executed this ___ day of June, 2017 by:     _____
                                            Brent Kaufman


Executed this ___ day of June, 2017 by:     _____
                                            Ron Bell

Executed this ___ day of July, 2017 by:

_____
Kyle Rivet


Executed this ___ day of July, 2017 by:

_____
Jeremiah Harriet


Executed this ___ day of July, 2017 by:

_____
Jamie Stewart


Executed this ___ day of July, 2017 by:

Brent Kaufman (Jul 12, 2017)
_____
Brent Kaufman


Executed this ___ day of July, 2017 by:

_____
Ron Bell

Executed this __ day of July, 2017 by:     _____

Kyle Rivet

Executed this __ day of July, 2017 by:     _____

Jeremiah Harriet

Executed this __ day of July, 2017 by:     _____

Jamie Stewart

Executed this __ day of July, 2017 by:     _____

Brent Kaufman

Executed this __ day of July, 2017 by:     _____

Ron Bell

Approved as to form and substance:

Approved as to form and substance:

_____

_____

Seth R. Lesser
Fran Rudich
Michael Reed
KLAFTER OLSEN & LESSER LLP
2 International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

Richard G. Rosenblatt
August W. Heckman III
MORGAN, LEWIS & BOCKIUS, LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Tel: 609.919.6600
Fax: 609.919.6701

Dated:  July __, 2017

Dated:  July _13_, 2017

_____

Attorneys for Office Depot

Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-4656
Facsimile:  (215) 875-4604 scarson@bm.net
sschalman-bergen@bm.net

Dated:  July __, 2017

_____

Michael A. Galpern
Andrew P. Bell
Neel D. Bhuta
LOCKS LAW FIRM
801 N. Kings Highway
Cherry Hill, New Jersey 08034
Telephone:  (856) 663-8200
Facsimile:  (856) 661-8400
mgalpern@lockslaw.com
abell@lockslaw.com
nbhuta@lockslaw.com

Dated:  July __, 2017

Approved as to form and substance:

Approved as to form and substance:

_____

Seth R. Lesser
Fran Rudich
Michael Reed
KLAFTER OLSEN & LESSER LLP
2 International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

Dated:  July 11, 2017

_____

Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-4656
Facsimile:  (215) 875-4604 scarson@bm.net
sschalman-bergen@bm.net

Dated:  July __, 2017

_____

Michael A. Galpern
Andrew P. Bell
Neel D. Bhuta
LOCKS LAW FIRM
801 N. Kings Highway
Cherry Hill, New Jersey 08034
Telephone:  (856) 663-8200
Facsimile:  (856) 661-8400
mgalpern@lockslaw.com
abell@lockslaw.com
nbhuta@lockslaw.com

Dated:  July __, 2017

_____

Richard G. Rosenblatt
August W. Heckman III
MORGAN, LEWIS & BOCKIUS, LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Tel: 609.919.6600
Fax: 609.919.6701

Dated:  July __, 2017

Attorneys for Office Depot

Approved as to form and substance:

Approved as to form and substance:

_____

_____

Seth R. Lesser
Fran Rudich
Michael Reed
KLAFTER OLSEN & LESSER LLP
2 International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

Richard G. Rosenblatt
August W. Heckman III
MORGAN, LEWIS & BOCKIUS, LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Tel: 609.919.6600
Fax: 609.919.6701

Dated:  July ___, 2017

Dated:  July ___, 2017

_____

Attorneys for Office Depot

Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-4656
Facsimile:  (215) 875-4604 scarson@bm.net
sschalman-bergen@bm.net

Dated:  July 12, 2017

_____

Michael A. Galpern
Andrew P. Bell
Neel D. Bhuta
LOCKS LAW FIRM
801 N. Kings Highway
Cherry Hill, New Jersey 08034
Telephone:  (856) 663-8200
Facsimile:  (856) 661-8400
mgalpern@lockslaw.com
abell@lockslaw.com
nbhuta@lockslaw.com

Dated:  July ___, 2017

Approved as to form and substance:                 Approved as to form and substance:


_____                  _____
Seth R. Lesser                                    Richard G. Rosenblatt
Fran Rudich                                       August W. Heckman III
Michael Reed                                      MORGAN, LEWIS & BOCKIUS, LLP
KLAFTER OLSEN & LESSER LLP                         502 Carnegie Center
2 International Drive, Suite 350                   Princeton, NJ 08540-6241
Rye Brook, NY 10573                               Tel: 609.919.6600
Telephone: (914) 934-9200                         Fax: 609.919.6701


Dated:  July __, 2017                             Dated:  July __, 2017


_____                  Attorneys for Office Depot
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-4656
Facsimile:  (215) 875-4604 scarson@bm.net
sschalman-bergen@bm.net


Dated:  July __, 2017

_____
Michael A. Galpern
Andrew P. Bell
Neel D. Bhuta
LOCKS LAW FIRM
801 N. Kings Highway
Cherry Hill, New Jersey 08034
Telephone:  (856) 663-8200
Facsimile:  (856) 661-8400
mgalpern@lockslaw.com
abell@lockslaw.com
nbhuta@lockslaw.com


Dated:  July 12, 2017

Gary E. Mason
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., N.W., Suite 605
Washington, DC 20036
Tel: (202) 429-2294

Dated: July 12, 2017


Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520

Dated: July __, 2017

Attorneys for the Collective and the State Law
Class

_____

Gary E. Mason

WHITFIELD BRYSON & MASON LLP

1625 Massachusetts Ave., N.W., Suite 605

Washington, DC 20036

Tel: (202) 429-2294


Dated:  July __, 2017

Nicholas A. Migliaccio

Jason S. Rathod

MIGLIACCIO & RATHOD LLP

412 H Street N.E., Suite 302

Washington, D.C. 20002

Tel: (202) 470-3520


Dated:  July 12, 2017

Attorneys for the Collective and the State Law
Class

Exhibit 1

## **GENERAL RELEASE**

In exchange for the mutual promises and the other good and valuable consideration set forth in the Parties' Settlement Agreement ("Settlement Agreement"), the receipt and sufficiency of which is hereby acknowledged, Kyle Rivet      ("Plaintiff"), expressly, knowingly, and voluntarily agrees as follows:

1.       Plaintiff is a named party in *Rivet, et al. v. Office Depot, Inc.*, United States District Court for the District of New Jersey, Case No. 2:12-cv-02992-MF, which was filed in the United States District Court for the District of New Jersey, claiming, *inter alia*, that Office Depot, Inc., violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and state wage-and-hour laws in Colorado, Maryland, Oregon, and Washington ("the Action").

2.       This Agreement shall not in any way be construed as an admission by Office Depot that it has acted wrongfully with respect to the Plaintiff, and Office Depot specifically disclaims any liability to or wrongful acts.  Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Lawsuit or any other matters released in this Agreement.  Nor is this Agreement based on the merits of the Lawsuit.  Accordingly, the Parties agree that no party has prevailed on the merits and that this Agreement shall not serve or be construed as evidence that any party has so prevailed.

3.       Plaintiff has been fully informed about the terms and conditions of this General Release ("Release") and the Parties' Settlement Agreement by Plaintiffs' counsel in the Action. After carefully considering both the Release and the Settlement Agreement, Plaintiff has elected to participate in the settlement and to execute this Release.  By executing this Release, Plaintiff understands the terms and conditions of both the settlement and the Release, knows that Plaintiff is giving up important rights, has elected to participate in the settlement and signed the Release knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Release is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that Plaintiff has not relied on any inducements, promises, or representations by Defendant or any other person, other than the terms and conditions set forth in this Release and the Parties' Settlement Agreement.  By executing this Release, Plaintiff agrees that Plaintiff's counsel may dismiss Plaintiff's claims with prejudice in the Action.

4.       Plaintiff on Plaintiff's behalf and for Plaintiff's spouse, heirs, executors, administrators, representatives and assigns, irrevocably and unconditionally forever releases and discharges releases Office Depot, Inc. and its subsidiaries and affiliated companies, and their agents, officers, shareholders, directors, employees, successors and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this Paragraph, and each and all of the foregoing (collectively "Releasees") individually and collectively, from all Claims.  Claims refers to and includes any and all pending or future claims, charges, demands, causes of action, damages, complaints, expenses and compensation which Plaintiff now has or may in the future have, or which any person or entity may have on his/her behalf (a) on account of or arising out of any matter or thing which has

happened, developed or occurred before the date of this Agreement; and/or (b) arising from Plaintiff's employment with any of the Releasees, his/her other relationships and dealings with the Releasees, and his/her separation from employment with any of the Releasees; and/or (c) asserted in the Action or related litigation; and/or (d) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, or any similar or corresponding federal, state, or local wage and hour law, rule, or regulation; and/or (e) for unpaid compensation, fringe benefits, holiday pay, incentives, overtime, or wages; and/or (f) for retaliation of any kind; and/or (g) arising out of or under the common law contract or tort; and/or (h) any other claims that may have arisen under any federal, state or local law or regulation prohibiting retaliation or discrimination on the basis of race, color, national origin, religion, gender, disability, age, marital status, sexual orientation, gender identity, genetic information or any other protected characteristic, and/or any other action or claim under any Federal, State or local law, rule, regulation, executive order or guideline.  Plaintiff hereby waives, discharges and releases all Releasees from any damages or relief of whatever nature or description, including, but not limited to, compensatory and punitive damages and equitable forms of relief, as well as any claim for attorneys' fees or costs, related to any Claims.  **PLAINTIFF FURTHER ACKNOWLEDGES AND AGREES THAT THIS IS A GENERAL RELEASE & WAIVER AND THAT, BY SIGNING THIS AGREEMENT, PLAINTIFF IS SIGNING AND AGREEING TO SUCH A GENERAL RELEASE & WAIVER.**

5.      Plaintiff agrees not to sue any of the Releasees with respect to any matter described in paragraph 4, above and to dismiss promptly any litigation Plaintiff may currently have against the Releasees with respect to any such matters.  By entering into this Release, Plaintiff waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Defendant and/or the other Releasees that occurred on or prior to the date Plaintiff executed this Release, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Department of Labor, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency.  The provisions of this paragraph shall not bar Plaintiff from filing an action with respect to the enforcement or interpretation of this Release or the Settlement Agreement, or from participating in any action or proceeding in which he or she is compelled lawfully to do so pursuant to a court order or subpoena.  Nothing in this Agreement is intended to prevent Plaintiff from cooperating in a federal, state or local investigation.

6.      Plaintiff shall keep the fact, terms and amount of the settlement in strict confidence and, except as required by law, or pursuant to a court order from a court of competent Jurisdiction, agrees not to disclose the settlement to any person or entity other than Plaintiff's spouse, accountant, or income tax preparer, all of whom shall also keep this matter confidential.  All that Plaintiff may divulge about the restitution of this matter is that it has been resolved amicably without admission of liability by any of the Releasees.

7.      Plaintiffs understands and agrees that Plaintiff:

(a)      Has a full twenty-one (21) days after receipt of this Agreement within which to review and consider the Agreement;

(b)     Is advised to consult with an attorney that he may freely and voluntarily choose prior to executing this Agreement;

(c)     Has carefully read and fully understands all of the provisions of this Agreement;

(d)     Is, through and in accordance with the terms set forth in this Agreement, releasing Releasees from the Released Claims;

(e)     Is knowingly and voluntarily agreeing to all the terms set forth in this Agreement;

(f)     Has seven (7) days after the execution of this Agreement within which he may revoke the release of any claim arising under Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*) ("ADEA") contained in this Agreement. In order to revoke this Agreement as it relates to any ADEA claim, Plaintiff must deliver to Richard Rosenblatt, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, NJ 08540, a letter stating that he is revoking this Agreement no later than seven (7) days after he executes the Agreement;

(g)     That, because of this revocation period, this Agreement shall not become effective or enforceable until the eighth (8th) day following the date Plaintiff executes this Agreement, provided he does not revoke his acceptance as provided above;

(h)     If he revokes the Agreement in accordance with Paragraph (f), he is neither entitled to nor eligible to receive an Enhancement Award and, to the extent Plaintiff has already received an Enhancement Award, he must return that Enhancement Award to Office Depot;

(i)     Is not waiving any rights or claims that may arise after the date he executes this Agreement; and

(j)     Is, by reason of this Agreement and the release of claims herein, receiving from Office Depot good and sufficient consideration in addition to anything of value to which he is already entitled.

*Kyle Rivet*
Kyle Rivet (Jul 12, 2017)
_____
Signature

Plaintiff Name: _Kyle Rivet_____

## **GENERAL RELEASE**

In exchange for the mutual promises and the other good and valuable consideration set forth in the Parties' Settlement Agreement ("Settlement Agreement"), the receipt and sufficiency of which is hereby acknowledged, Jeremiah Harriet ("Plaintiff"), expressly, knowingly, and voluntarily agrees as follows:

1.      Plaintiff is a named party in *Rivet, et al. v. Office Depot, Inc.*, United States District Court for the District of New Jersey, Case No. 2:12-cv-02992-MF, which was filed in the United States District Court for the District of New Jersey, claiming, *inter alia*, that Office Depot, Inc., violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and state wage-and-hour laws in Colorado, Maryland, Oregon, and Washington ("the Action").

2.      This Agreement shall not in any way be construed as an admission by Office Depot that it has acted wrongfully with respect to the Plaintiff, and Office Depot specifically disclaims any liability to or wrongful acts.  Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Lawsuit or any other matters released in this Agreement.  Nor is this Agreement based on the merits of the Lawsuit.  Accordingly, the Parties agree that no party has prevailed on the merits and that this Agreement shall not serve or be construed as evidence that any party has so prevailed.

3.      Plaintiff has been fully informed about the terms and conditions of this General Release ("Release") and the Parties' Settlement Agreement by Plaintiffs' counsel in the Action.  After carefully considering both the Release and the Settlement Agreement, Plaintiff has elected to participate in the settlement and to execute this Release.  By executing this Release, Plaintiff understands the terms and conditions of both the settlement and the Release, knows that Plaintiff is giving up important rights, has elected to participate in the settlement and signed the Release knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Release is not the result of any fraud, duress, mistake, or undue influence whatsoever.  Plaintiff further represents and warrants that Plaintiff has not relied on any inducements, promises, or representations by Defendant or any other person, other than the terms and conditions set forth in this Release and the Parties' Settlement Agreement.  By executing this Release, Plaintiff agrees that Plaintiff's counsel may dismiss Plaintiff's claims with prejudice in the Action.

4.      Plaintiff on Plaintiff's behalf and for Plaintiff's spouse, heirs, executors, administrators, representatives and assigns, irrevocably and unconditionally forever releases and discharges releases Office Depot, Inc. and its subsidiaries and affiliated companies, and their agents, officers, shareholders, directors, employees, successors and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this Paragraph, and each and all of the foregoing (collectively "Releasees") individually and collectively, from all Claims.  Claims refers to and includes any and all pending or future claims, charges, demands, causes of action, damages, complaints, expenses and compensation which Plaintiff now has or may in the future have, or which any person or entity may have on his/her behalf (a) on account of or arising out of any matter or thing which has

happened, developed or occurred before the date of this Agreement; and/or (b) arising from Plaintiff's employment with any of the Releasees, his/her other relationships and dealings with the Releasees, and his/her separation from employment with any of the Releasees; and/or (c) asserted in the Action or related litigation; and/or (d) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, or any similar or corresponding federal, state, or local wage and hour law, rule, or regulation; and/or (e) for unpaid compensation, fringe benefits, holiday pay, incentives, overtime, or wages; and/or (f) for retaliation of any kind; and/or (g) arising out of or under the common law contract or tort; and/or (h) any other claims that may have arisen under any federal, state or local law or regulation prohibiting retaliation or discrimination on the basis of race, color, national origin, religion, gender, disability, age, marital status, sexual orientation, gender identity, genetic information or any other protected characteristic, and/or any other action or claim under any Federal, State or local law, rule, regulation, executive order or guideline.  Plaintiff hereby waives, discharges and releases all Releasees from any damages or relief of whatever nature or description, including, but not limited to, compensatory and punitive damages and equitable forms of relief, as well as any claim for attorneys' fees or costs, related to any Claims.  **PLAINTIFF FURTHER ACKNOWLEDGES AND AGREES THAT THIS IS A GENERAL RELEASE & WAIVER AND THAT, BY SIGNING THIS AGREEMENT, PLAINTIFF IS SIGNING AND AGREEING TO SUCH A GENERAL RELEASE & WAIVER.**

5.      Plaintiff agrees not to sue any of the Releasees with respect to any matter described in paragraph 4, above and to dismiss promptly any litigation Plaintiff may currently have against the Releasees with respect to any such matters.  By entering into this Release, Plaintiff waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Defendant and/or the other Releasees that occurred on or prior to the date Plaintiff executed this Release, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Department of Labor, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency.  The provisions of this paragraph shall not bar Plaintiff from filing an action with respect to the enforcement or interpretation of this Release or the Settlement Agreement, or from participating in any action or proceeding in which he or she is compelled lawfully to do so pursuant to a court order or subpoena.  Nothing in this Agreement is intended to prevent Plaintiff from cooperating in a federal, state or local investigation.

6.      Plaintiff shall keep the fact, terms and amount of the settlement in strict confidence and, except as required by law, or pursuant to a court order from a court of competent Jurisdiction, agrees not to disclose the settlement to any person or entity other than Plaintiff's spouse, accountant, or income tax preparer, all of whom shall also keep this matter confidential.  All that Plaintiff may divulge about the restitution of this matter is that it has been resolved amicably without admission of liability by any of the Releasees.

7.      Plaintiffs understands and agrees that Plaintiff:

(a)      Has a full twenty-one (21) days after receipt of this Agreement within which to review and consider the Agreement;

(b)     Is advised to consult with an attorney that he may freely and voluntarily choose prior to executing this Agreement;

(c)     Has carefully read and fully understands all of the provisions of this Agreement;

(d)     Is, through and in accordance with the terms set forth in this Agreement, releasing Releasees from the Released Claims;

(e)     Is knowingly and voluntarily agreeing to all the terms set forth in this Agreement;

(f)     Has seven (7) days after the execution of this Agreement within which he may revoke the release of any claim arising under Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*) ("ADEA") contained in this Agreement. In order to revoke this Agreement as it relates to any ADEA claim, Plaintiff must deliver to Richard Rosenblatt, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, NJ 08540, a letter stating that he is revoking this Agreement no later than seven (7) days after he executes the Agreement;

(g)     That, because of this revocation period, this Agreement shall not become effective or enforceable until the eighth (8th) day following the date Plaintiff executes this Agreement, provided he does not revoke his acceptance as provided above;

(h)     If he revokes the Agreement in accordance with Paragraph (f), he is neither entitled to nor eligible to receive an Enhancement Award and, to the extent Plaintiff has already received an Enhancement Award, he must return that Enhancement Award to Office Depot;

(i)     Is not waiving any rights or claims that may arise after the date he executes this Agreement; and

(j)     Is, by reason of this Agreement and the release of claims herein, receiving from Office Depot good and sufficient consideration in addition to anything of value to which he is already entitled.


*Jeremiah Harriet*
Jeremiah Harriet (Jul 13, 2017)
_____
Signature

Plaintiff Name:  Jeremiah Harriet

## **GENERAL RELEASE**

In exchange for the mutual promises and the other good and valuable consideration set forth in the Parties' Settlement Agreement ("Settlement Agreement"), the receipt and sufficiency of which is hereby acknowledged, Jamie Stewart Williams ("Plaintiff"), expressly, knowingly, and voluntarily agrees as follows:

1.      Plaintiff is a named party in *Rivet, et al. v. Office Depot, Inc.*, United States District Court for the District of New Jersey, Case No. 2:12-cv-02992-MF, which was filed in the United States District Court for the District of New Jersey, claiming, *inter alia*, that Office Depot, Inc., violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and state wage-and-hour laws in Colorado, Maryland, Oregon, and Washington ("the Action").

2.      This Agreement shall not in any way be construed as an admission by Office Depot that it has acted wrongfully with respect to the Plaintiff, and Office Depot specifically disclaims any liability to or wrongful acts.  Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Lawsuit or any other matters released in this Agreement.  Nor is this Agreement based on the merits of the Lawsuit.  Accordingly, the Parties agree that no party has prevailed on the merits and that this Agreement shall not serve or be construed as evidence that any party has so prevailed.

3.      Plaintiff has been fully informed about the terms and conditions of this General Release ("Release") and the Parties' Settlement Agreement by Plaintiffs' counsel in the Action.  After carefully considering both the Release and the Settlement Agreement, Plaintiff has elected to participate in the settlement and to execute this Release.  By executing this Release, Plaintiff understands the terms and conditions of both the settlement and the Release, knows that Plaintiff is giving up important rights, has elected to participate in the settlement and signed the Release knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Release is not the result of any fraud, duress, mistake, or undue influence whatsoever.  Plaintiff further represents and warrants that Plaintiff has not relied on any inducements, promises, or representations by Defendant or any other person, other than the terms and conditions set forth in this Release and the Parties' Settlement Agreement.  By executing this Release, Plaintiff agrees that Plaintiff's counsel may dismiss Plaintiff's claims with prejudice in the Action.

4.      Plaintiff on Plaintiff's behalf and for Plaintiff's spouse, heirs, executors, administrators, representatives and assigns, irrevocably and unconditionally forever releases and discharges releases Office Depot, Inc. and its subsidiaries and affiliated companies, and their agents, officers, shareholders, directors, employees, successors and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this Paragraph, and each and all of the foregoing (collectively "Releasees") individually and collectively, from all Claims.  Claims refers to and includes any and all pending or future claims, charges, demands, causes of action, damages, complaints, expenses and compensation which Plaintiff now has or may in the future have, or which any person or entity may have on his/her behalf (a) on account of or arising out of any matter or thing which has

happened, developed or occurred before the date of this Agreement; and/or (b) arising from Plaintiff's employment with any of the Releasees, his/her other relationships and dealings with the Releasees, and his/her separation from employment with any of the Releasees; and/or (c) asserted in the Action or related litigation; and/or (d) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, or any similar or corresponding federal, state, or local wage and hour law, rule, or regulation; and/or (e) for unpaid compensation, fringe benefits, holiday pay, incentives, overtime, or wages; and/or (f) for retaliation of any kind; and/or (g) arising out of or under the common law contract or tort; and/or (h) any other claims that may have arisen under any federal, state or local law or regulation prohibiting retaliation or discrimination on the basis of race, color, national origin, religion, gender, disability, age, marital status, sexual orientation, gender identity, genetic information or any other protected characteristic, and/or any other action or claim under any Federal, State or local law, rule, regulation, executive order or guideline.  Plaintiff hereby waives, discharges and releases all Releasees from any damages or relief of whatever nature or description, including, but not limited to, compensatory and punitive damages and equitable forms of relief, as well as any claim for attorneys' fees or costs, related to any Claims.  **PLAINTIFF FURTHER ACKNOWLEDGES AND AGREES THAT THIS IS A GENERAL RELEASE & WAIVER AND THAT, BY SIGNING THIS AGREEMENT, PLAINTIFF IS SIGNING AND AGREEING TO SUCH A GENERAL RELEASE & WAIVER.**

5.      Plaintiff agrees not to sue any of the Releasees with respect to any matter described in paragraph 4, above and to dismiss promptly any litigation Plaintiff may currently have against the Releasees with respect to any such matters.  By entering into this Release, Plaintiff waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Defendant and/or the other Releasees that occurred on or prior to the date Plaintiff executed this Release, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Department of Labor, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency.  The provisions of this paragraph shall not bar Plaintiff from filing an action with respect to the enforcement or interpretation of this Release or the Settlement Agreement, or from participating in any action or proceeding in which he or she is compelled lawfully to do so pursuant to a court order or subpoena.  Nothing in this Agreement is intended to prevent Plaintiff from cooperating in a federal, state or local investigation.

6.      Plaintiff shall keep the fact, terms and amount of the settlement in strict confidence and, except as required by law, or pursuant to a court order from a court of competent Jurisdiction, agrees not to disclose the settlement to any person or entity other than Plaintiff's spouse, accountant, or income tax preparer, all of whom shall also keep this matter confidential.  All that Plaintiff may divulge about the restitution of this matter is that it has been resolved amicably without admission of liability by any of the Releasees.

7.      Plaintiffs understands and agrees that Plaintiff:

(a)      Has a full twenty-one (21) days after receipt of this Agreement within which to review and consider the Agreement;

(b)     Is advised to consult with an attorney that he may freely and voluntarily choose prior to executing this Agreement;

(c)     Has carefully read and fully understands all of the provisions of this Agreement;

(d)     Is, through and in accordance with the terms set forth in this Agreement, releasing Releasees from the Released Claims;

(e)     Is knowingly and voluntarily agreeing to all the terms set forth in this Agreement;

(f)     Has seven (7) days after the execution of this Agreement within which he may revoke the release of any claim arising under Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*) ("ADEA") contained in this Agreement. In order to revoke this Agreement as it relates to any ADEA claim, Plaintiff must deliver to Richard Rosenblatt, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, NJ 08540, a letter stating that he is revoking this Agreement no later than seven (7) days after he executes the Agreement;

(g)     That, because of this revocation period, this Agreement shall not become effective or enforceable until the eighth (8th) day following the date Plaintiff executes this Agreement, provided he does not revoke his acceptance as provided above;

(h)     If he revokes the Agreement in accordance with Paragraph (f), he is neither entitled to nor eligible to receive an Enhancement Award and, to the extent Plaintiff has already received an Enhancement Award, he must return that Enhancement Award to Office Depot;

(i)     Is not waiving any rights or claims that may arise after the date he executes this Agreement; and

(j)     Is, by reason of this Agreement and the release of claims herein, receiving from Office Depot good and sufficient consideration in addition to anything of value to which he is already entitled.

*Jamie Stewart Williams*
Jamie Stewart Williams (Jul 12, 2017)
Signature

Plaintiff Name:   Jamie Stewart Williams

Signature:   *Jamie Stewart Williams*
Jamie Stewart Williams (Jul 12, 2017)

Email:   jamie.stewart.williams@gmail.com

## **GENERAL RELEASE**

In exchange for the mutual promises and the other good and valuable consideration set forth in the Parties' Settlement Agreement ("Settlement Agreement"), the receipt and sufficiency of which is hereby acknowledged, Brent Kaufman ("Plaintiff"), expressly, knowingly, and voluntarily agrees as follows:

1.      Plaintiff is a named party in *Rivet, et al. v. Office Depot, Inc.*, United States District Court for the District of New Jersey, Case No. 2:12-cv-02992-MF, which was filed in the United States District Court for the District of New Jersey, claiming, *inter alia*, that Office Depot, Inc., violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and state wage-and-hour laws in Colorado, Maryland, Oregon, and Washington ("the Action").

2.      This Agreement shall not in any way be construed as an admission by Office Depot that it has acted wrongfully with respect to the Plaintiff, and Office Depot specifically disclaims any liability to or wrongful acts.  Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Lawsuit or any other matters released in this Agreement.  Nor is this Agreement based on the merits of the Lawsuit.  Accordingly, the Parties agree that no party has prevailed on the merits and that this Agreement shall not serve or be construed as evidence that any party has so prevailed.

3.      Plaintiff has been fully informed about the terms and conditions of this General Release ("Release") and the Parties' Settlement Agreement by Plaintiffs' counsel in the Action.  After carefully considering both the Release and the Settlement Agreement, Plaintiff has elected to participate in the settlement and to execute this Release.  By executing this Release, Plaintiff understands the terms and conditions of both the settlement and the Release, knows that Plaintiff is giving up important rights, has elected to participate in the settlement and signed the Release knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Release is not the result of any fraud, duress, mistake, or undue influence whatsoever.  Plaintiff further represents and warrants that Plaintiff has not relied on any inducements, promises, or representations by Defendant or any other person, other than the terms and conditions set forth in this Release and the Parties' Settlement Agreement.  By executing this Release, Plaintiff agrees that Plaintiff's counsel may dismiss Plaintiff's claims with prejudice in the Action.

4.      Plaintiff on Plaintiff's behalf and for Plaintiff's spouse, heirs, executors, administrators, representatives and assigns, irrevocably and unconditionally forever releases and discharges releases Office Depot, Inc. and its subsidiaries and affiliated companies, and their agents, officers, shareholders, directors, employees, successors and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this Paragraph, and each and all of the foregoing (collectively "Releasees") individually and collectively, from all Claims.  Claims refers to and includes any and all pending or future claims, charges, demands, causes of action, damages, complaints, expenses and compensation which Plaintiff now has or may in the future have, or which any person or entity may have on his/her behalf (a) on account of or arising out of any matter or thing which has

happened, developed or occurred before the date of this Agreement; and/or (b) arising from Plaintiff's employment with any of the Releasees, his/her other relationships and dealings with the Releasees, and his/her separation from employment with any of the Releasees; and/or (c) asserted in the Action or related litigation; and/or (d) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, or any similar or corresponding federal, state, or local wage and hour law, rule, or regulation; and/or (e) for unpaid compensation, fringe benefits, holiday pay, incentives, overtime, or wages; and/or (f) for retaliation of any kind; and/or (g) arising out of or under the common law contract or tort; and/or (h) any other claims that may have arisen under any federal, state or local law or regulation prohibiting retaliation or discrimination on the basis of race, color, national origin, religion, gender, disability, age, marital status, sexual orientation, gender identity, genetic information or any other protected characteristic, and/or any other action or claim under any Federal, State or local law, rule, regulation, executive order or guideline.  Plaintiff hereby waives, discharges and releases all Releasees from any damages or relief of whatever nature or description, including, but not limited to, compensatory and punitive damages and equitable forms of relief, as well as any claim for attorneys' fees or costs, related to any Claims.  **PLAINTIFF FURTHER ACKNOWLEDGES AND AGREES THAT THIS IS A GENERAL RELEASE & WAIVER AND THAT, BY SIGNING THIS AGREEMENT, PLAINTIFF IS SIGNING AND AGREEING TO SUCH A GENERAL RELEASE & WAIVER.**

5.     Plaintiff agrees not to sue any of the Releasees with respect to any matter described in paragraph 4, above and to dismiss promptly any litigation Plaintiff may currently have against the Releasees with respect to any such matters.  By entering into this Release, Plaintiff waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Defendant and/or the other Releasees that occurred on or prior to the date Plaintiff executed this Release, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Department of Labor, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency.  The provisions of this paragraph shall not bar Plaintiff from filing an action with respect to the enforcement or interpretation of this Release or the Settlement Agreement, or from participating in any action or proceeding in which he or she is compelled lawfully to do so pursuant to a court order or subpoena.  Nothing in this Agreement is intended to prevent Plaintiff from cooperating in a federal, state or local investigation.

6.     Plaintiff shall keep the fact, terms and amount of the settlement in strict confidence and, except as required by law, or pursuant to a court order from a court of competent Jurisdiction, agrees not to disclose the settlement to any person or entity other than Plaintiff's spouse, accountant, or income tax preparer, all of whom shall also keep this matter confidential.  All that Plaintiff may divulge about the restitution of this matter is that it has been resolved amicably without admission of liability by any of the Releasees.

7.     Plaintiffs understands and agrees that Plaintiff:

(a)     Has a full twenty-one (21) days after receipt of this Agreement within which to review and consider the Agreement;

(b)   Is advised to consult with an attorney that he may freely and voluntarily choose prior to executing this Agreement;

(c)   Has carefully read and fully understands all of the provisions of this Agreement;

(d)   Is, through and in accordance with the terms set forth in this Agreement, releasing Releasees from the Released Claims;

(e)   Is knowingly and voluntarily agreeing to all the terms set forth in this Agreement;

(f)   Has seven (7) days after the execution of this Agreement within which he may revoke the release of any claim arising under Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*) ("ADEA") contained in this Agreement. In order to revoke this Agreement as it relates to any ADEA claim, Plaintiff must deliver to Richard Rosenblatt, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, NJ 08540, a letter stating that he is revoking this Agreement no later than seven (7) days after he executes the Agreement;

(g)   That, because of this revocation period, this Agreement shall not become effective or enforceable until the eighth (8th) day following the date Plaintiff executes this Agreement, provided he does not revoke his acceptance as provided above;

(h)   If he revokes the Agreement in accordance with Paragraph (f), he is neither entitled to nor eligible to receive an Enhancement Award and, to the extent Plaintiff has already received an Enhancement Award, he must return that Enhancement Award to Office Depot;

(i)   Is not waiving any rights or claims that may arise after the date he executes this Agreement; and

(j)   Is, by reason of this Agreement and the release of claims herein, receiving from Office Depot good and sufficient consideration in addition to anything of value to which he is already entitled.


Brent kaufman (Jul 12, 2017)
_____
Signature

Plaintiff Name:   _____

## <u>GENERAL RELEASE</u>

In exchange for the mutual promises and the other good and valuable consideration set forth in the Parties' Settlement Agreement ("Settlement Agreement"), the receipt and sufficiency of which is hereby acknowledged, Ron Bell_____ ("Plaintiff"), expressly, knowingly, and voluntarily agrees as follows:

1.      Plaintiff is a named party in *Rivet, et al. v. Office Depot, Inc.*, United States District Court for the District of New Jersey, Case No. 2:12-cv-02992-MF, which was filed in the United States District Court for the District of New Jersey, claiming, *inter alia*, that Office Depot, Inc., violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and state wage-and-hour laws in Colorado, Maryland, Oregon, and Washington ("the Action").

2.      This Agreement shall not in any way be construed as an admission by Office Depot that it has acted wrongfully with respect to the Plaintiff, and Office Depot specifically disclaims any liability to or wrongful acts.  Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Lawsuit or any other matters released in this Agreement.  Nor is this Agreement based on the merits of the Lawsuit.  Accordingly, the Parties agree that no party has prevailed on the merits and that this Agreement shall not serve or be construed as evidence that any party has so prevailed.

3.      Plaintiff has been fully informed about the terms and conditions of this General Release ("Release") and the Parties' Settlement Agreement by Plaintiffs' counsel in the Action. After carefully considering both the Release and the Settlement Agreement, Plaintiff has elected to participate in the settlement and to execute this Release.  By executing this Release, Plaintiff understands the terms and conditions of both the settlement and the Release, knows that Plaintiff is giving up important rights, has elected to participate in the settlement and signed the Release knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Release is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that Plaintiff has not relied on any inducements, promises, or representations by Defendant or any other person, other than the terms and conditions set forth in this Release and the Parties' Settlement Agreement.  By executing this Release, Plaintiff agrees that Plaintiff's counsel may dismiss Plaintiff's claims with prejudice in the Action.

4.      Plaintiff on Plaintiff's behalf and for Plaintiff's spouse, heirs, executors, administrators, representatives and assigns, irrevocably and unconditionally forever releases and discharges releases Office Depot, Inc. and its subsidiaries and affiliated companies, and their agents, officers, shareholders, directors, employees, successors and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this Paragraph, and each and all of the foregoing (collectively "Releasees") individually and collectively, from all Claims.  Claims refers to and includes any and all pending or future claims, charges, demands, causes of action, damages, complaints, expenses and compensation which Plaintiff now has or may in the future have, or which any person or entity may have on his/her behalf (a) on account of or arising out of any matter or thing which has

happened, developed or occurred before the date of this Agreement; and/or (b) arising from Plaintiff's employment with any of the Releasees, his/her other relationships and dealings with the Releasees, and his/her separation from employment with any of the Releasees; and/or (c) asserted in the Action or related litigation; and/or (d) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, or any similar or corresponding federal, state, or local wage and hour law, rule, or regulation; and/or (e) for unpaid compensation, fringe benefits, holiday pay, incentives, overtime, or wages; and/or (f) for retaliation of any kind; and/or (g) arising out of or under the common law contract or tort; and/or (h) any other claims that may have arisen under any federal, state or local law or regulation prohibiting retaliation or discrimination on the basis of race, color, national origin, religion, gender, disability, age, marital status, sexual orientation, gender identity, genetic information or any other protected characteristic, and/or any other action or claim under any Federal, State or local law, rule, regulation, executive order or guideline.  Plaintiff hereby waives, discharges and releases all Releasees from any damages or relief of whatever nature or description, including, but not limited to, compensatory and punitive damages and equitable forms of relief, as well as any claim for attorneys' fees or costs, related to any Claims.  **PLAINTIFF FURTHER ACKNOWLEDGES AND AGREES THAT THIS IS A GENERAL RELEASE & WAIVER AND THAT, BY SIGNING THIS AGREEMENT, PLAINTIFF IS SIGNING AND AGREEING TO SUCH A GENERAL RELEASE & WAIVER.**

5.      Plaintiff agrees not to sue any of the Releasees with respect to any matter described in paragraph 4, above and to dismiss promptly any litigation Plaintiff may currently have against the Releasees with respect to any such matters.  By entering into this Release, Plaintiff waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Defendant and/or the other Releasees that occurred on or prior to the date Plaintiff executed this Release, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Department of Labor, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency.  The provisions of this paragraph shall not bar Plaintiff from filing an action with respect to the enforcement or interpretation of this Release or the Settlement Agreement, or from participating in any action or proceeding in which he or she is compelled lawfully to do so pursuant to a court order or subpoena.  Nothing in this Agreement is intended to prevent Plaintiff from cooperating in a federal, state or local investigation.

6.      Plaintiff shall keep the fact, terms and amount of the settlement in strict confidence and, except as required by law, or pursuant to a court order from a court of competent Jurisdiction, agrees not to disclose the settlement to any person or entity other than Plaintiff's spouse, accountant, or income tax preparer, all of whom shall also keep this matter confidential.  All that Plaintiff may divulge about the restitution of this matter is that it has been resolved amicably without admission of liability by any of the Releasees.

7.      Plaintiffs understands and agrees that Plaintiff:

(a)      Has a full twenty-one (21) days after receipt of this Agreement within which to review and consider the Agreement;

(b)     Is advised to consult with an attorney that he may freely and voluntarily choose prior to executing this Agreement;

(c)     Has carefully read and fully understands all of the provisions of this Agreement;

(d)     Is, through and in accordance with the terms set forth in this Agreement, releasing Releasees from the Released Claims;

(e)     Is knowingly and voluntarily agreeing to all the terms set forth in this Agreement;

(f)     Has seven (7) days after the execution of this Agreement within which he may revoke the release of any claim arising under Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*) ("ADEA") contained in this Agreement. In order to revoke this Agreement as it relates to any ADEA claim, Plaintiff must deliver to Richard Rosenblatt, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, NJ 08540, a letter stating that he is revoking this Agreement no later than seven (7) days after he executes the Agreement;

(g)     That, because of this revocation period, this Agreement shall not become effective or enforceable until the eighth (8th) day following the date Plaintiff executes this Agreement, provided he does not revoke his acceptance as provided above;

(h)     If he revokes the Agreement in accordance with Paragraph (f), he is neither entitled to nor eligible to receive an Enhancement Award and, to the extent Plaintiff has already received an Enhancement Award, he must return that Enhancement Award to Office Depot;

(i)     Is not waiving any rights or claims that may arise after the date he executes this Agreement; and

(j)     Is, by reason of this Agreement and the release of claims herein, receiving from Office Depot good and sufficient consideration in addition to anything of value to which he is already entitled.


Ron Bell (Jul 1...
_____
Signature

Plaintiff Name: Ron Bell

Exhibit 2

## NOTICE OF PROPOSED SETTLEMENT

### *Rivet, et al. v. Office Depot, Inc.*
**United States District Court for the District of New Jersey, Case No. 2:12-cv-02992-MF**

TO: _____

     The Court has preliminarily approved a proposed settlement in this case.  You received this Notice because Office Depot's records indicate you worked for Office Depot as an Assistant Store Manager sometime during the periods defined below.

     If you submit the enclosed Claim Form by [60 days after initial notice], your share of the settlement would be about **$ in bold**  (that is before any tax withholdings that might reduce the amount of your check).  But you must fully complete the Claim Form and send it back timely.  We highly recommend that you send the Claim Form back in a way that provides proof of mailing and/or receipt.

     The exact amount you receive might differ depending on some other facts but that is what we estimate assuming the Court approves the Settlement and all the requested awards.

     This Notice is to advise you of your rights with respect to the settlement and the Court's final approval of the settlement.  You can, if you wish, opt-out of the settlement, but, if you do so and you still wish to pursue claims against Defendants, you will have to commence a new action and represent yourself in that case or obtain new lawyers to represent you.  You can also object to the settlement (but if you object, you cannot opt-out).

     More information about this case, the proposed settlement, and your rights are set forth below in this notice.

## I.     BACKGROUND OF THE CASE

     Plaintiffs Kyle Rivet, Jeremiah Harriet, Jamie Stewart Williams, Brent Kaufman, and Ron Bell, ("Named Plaintiffs"), who worked as Assistant Store Managers ("ASMs") for Office Depot, filed the case alleging that Office Depot failed to pay the proper and full amount of overtime to ASMs in violation of the federal Fair Labor Standards Act ("FLSA") and, for four states, relevant state laws.  In other words, while you were paid some overtime, Plaintiffs contended that you did not receive all of that to which you were legally entitled.  Defendants disagreed and vigorously asserted that the Plaintiffs and all other ASMs were paid overtime in accordance with the FLSA and the state laws.

     In 2016, the Court granted Plaintiffs' motion to certify a collective action and to permit notice to be sent to allow individuals to join the case.  Some 300 individuals responded by returning notices of consent that were not later withdrawn.  In addition, the Court certified class actions under the state wage and hour laws of Colorado, Maryland, Oregon, and Washington (the "State Law Classes").

After extended litigation in the court and negotiation, the Parties reached a settlement. It will address the claims of the individuals who joined the case with their consent forms as well as the individuals in the State Law Classes. If the settlement is approved by the Court, you will be sent a check for your share, half of which will be reported as wages for which you will receive an IRS Form W-2 and the other half will be paid and reported as liquidated damages for which you will receive an IRS Form 1099. If you do not wish to participate in the settlement, you can do so by not cashing your check, although if you wish to continue to proceed with your claims you would have to begin another legal proceeding represented by new counsel.

The settlement represents a compromise and settlement of highly disputed claims. Nothing in the settlement is intended or will be construed as an admission by Office Depot that the claims have merit or that Office Depot has liability to Plaintiffs or to the other current and former ASMs. Both sides have concluded and agree that, in light of the risks, uncertainties and time of continued litigation, the settlement is fair, reasonable and adequate, and is in the best interests of Named Plaintiff, all the plaintiffs who returned notices of consent to join the action, the members of the State Law Classes, and Office Depot.

## II.    SUMMARY OF THE PROPOSED SETTLEMENT

The gross settlement amount is $2,900,000, inclusive of fees, costs, administrative expenses and service award (the "Gross Settlement Amount").

The following sums have been or will be paid from the Gross Settlement Amount: (1) attorneys' fees one third of the Gross Settlement Amount (that is, up to $966,666.67), subject to Court approval; (2) reasonable expenses to class counsel not to exceed $93,679.56; (3) an amount not to exceed $26,661.00 to the Settlement Administrator for the cost of administering the settlement; and (4) service awards to the Named Plaintiffs, not to exceed $10,000.00, subject to Court approval.

The individual settlement payments will be calculated as follows: the Settlement Administrator will calculate the amount paid to each Plaintiff based upon his or her proportion of weeks worked for Office Depot in the exempt ASM position in the three years preceding the date he or she opted-in to this lawsuit divided by all the weeks worked during the relevant period of all Plaintiffs. Per the relevant state laws, the relevant period for members of the State Law Classes brought under Colorado, Maryland, and Washington law runs from May 9, 2011, three years before the filing of the Amended Complaint, to the date of Preliminary Approval, and the relevant period for members of the State Law Class brought under Oregon law runs from May 9, 2008, six years before the filing of the Amended Complaint, to the date of Preliminary Approval. (If someone is a member of the Collective and a State Law Class, they will be allocated the higher number of workweeks for purposes of the settlement). The individual settlement payments will be reduced by any required deductions for each individual as set forth in the Parties' Settlement Agreement, including employee-side tax withholdings or deductions.

2

### B.     Release of Claims

In the event that the settlement is approved by the Court, you will be sent a settlement payment.  When you sign your check, you will release the following claims:

You will release against Office Depot and its former and present parents, subsidiaries and affiliates and their officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives, from any and all wage and hour claims, rights, and causes of action, whether known or unknown, under any federal, state, or local wage and hour law, including but not limited to the Fair Labor Standards Act, including without limitation statutory, constitutional, contractual, and common law claims for wages, damages, penalties, attorneys' fees, restitution, or equitable relief to the extent relating to or deriving from a wage and hour claim (including claims for overtime wages or any other wages) relating to employment at Office Depot as an ASM up to and including the date of Preliminary Approval.

### C.     Reasonableness of Settlement

The Named Plaintiffs and their counsel support this settlement. Among the reasons for their support are the time this case has taken to date and the delays and uncertainties it would take to obtain a trial judgment, the inherent risk of trial, and the possibility of extended appeals, all of which could delay any resolution for up to several years (and possibly obtain nothing).

## III.     YOUR OPTIONS REGARDING THE SETTLEMENT

### A.     Timely Submit A Fully Completed Claim Form

If you want to claim your share of the Settlement, you **must** mail, email, overnight deliver or fax the enclosed Claim Form to the Settlement Administrator at the following address so that it is fully completed and received on or before [insert 60 day date after initial mailing]:

**Settlement Administrator [Angeion] Address**
**XXXXXXXX**
**XXXXXXXX**
**Phone: XXXXX**
**Email: XXXXXX**

As noted, we recommend you keep a record showing how you returned your Claim Form.

We also recommend that if you choose to participate, you should contact the Settlement Administrator before the claim filing deadline of [insert 60 day date after initial mailing] to confirm your fully completed Claim Form was received.  You should keep the Settlement Administrator informed of any changes in your address until you have received your settlement check and tax reporting forms.

**B.      Request to be Excluded**

If you wish to exclude yourself from the Settlement, you must submit a written request for exclusion.

To be effective, the request for exclusion must express your desire to be excluded from this settlement.  If must include your name, address, telephone number, and Social Security number, and be signed by you (the class member requesting exclusion).  Your request must be received by the Settlement Administrator by: [insert 45 days from initial mailing].  If you exclude yourself, you will not receive any monies from the Settlement.

If you fail to include the required information, or if your request for exclusion is not timely received by the Claims Administrator, your request for exclusion will be deemed null, void, and ineffective.  Failure to be excluded will result in you remaining a member of the Settlement Class and you will be bound by any final judgment related to this case.  If you validly and timely request exclusion, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Office Depot regarding the alleged failure to pay overtime compensation during the relevant period.

**C.      Object**

If you do not request to be excluded, you may object to the terms of the Settlement and/or to the Class Counsel's requests for attorneys' fees and expenses and/or to the Named Plaintiffs' Service Awards.  If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court.  You may, but need not, enter an appearance through counsel of your choice.  If you do, you will be responsible for your own attorneys' fees, costs and expenses.

If you object to the Settlement and/or to the requested attorneys' fees, costs, expenses, or service payments, you must, on or before [insert 45 days from initial mailing], submit a written objection that includes your name, address, and a detailed statement of the basis for each objection you make and the grounds on which you wish to appear and be heard (if any).  You must also include whether you are represented by counsel, and if you are, the name and address of your counsel.  You must also provide notice to the Claims Administrator if you intend to appear at the Final Approval Hearing and whether you or your counsel is making an entry of appearance.  If you do not timely make your objections in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

### D.     Do Nothing

If you do nothing, and fail to timely send in a fully completed Claim Form, you will receive nothing from the Settlement.  Upon final approval of the Settlement by the Court, you will be deemed to have released and waived the Released Claims, as defined in Section II.B, save for claims under the FLSA (Fair Labor Standards Act).

You may still have the right under federal law to file a complaint under the FLSA if the deadline to file such a claim has not already expired.  However, you will not receive any money pursuant to this Settlement.

## IV.    EFFECT OF THE SETTLEMENT

### A.     Released Rights and Claims

The settlement is intended to settle the released claims against the Defendants and other persons released in the release set forth above.

### B.     Payment

If you timely submit a claim form and the settlement is approved, your individual settlement payment is expected to be paid about 45 days after the final judicial approval of the Settlement Agreement.

## V.     FINAL SETTLEMENT APPROVAL HEARING AND YOUR RIGHTS RELATIVE TO THAT HEARING

The Court will hold a hearing in Room 457 of the Frank R. Lautenberg Post Office & Courthouse, Federal Square and Walnut Street, Newark, NJ 07102, on **[final hearing date to be inserted]**, at **[time to be inserted]**, to determine whether the settlement and all the proposed awards should be approved.

The hearing may be continued without further notice to you. It is not necessary for you to appear at the final approval.

## VI.    ADDITIONAL INFORMATION

You may contact any of the attorneys representing you in this case with questions. Their contact information is below:

Seth R. Lesser                                      Shannon J. Carson
Fran Rudich                                         Sarah R. Schalman-Bergen
Michael Reed                                        BERGER & MONTAGUE, P.C.
KLAFTER OLSEN & LESSER LLP          1622 Locust Street
2 International Drive, Suite 350              Philadelphia, PA 19103
Rye Brook, NY 11573                           Telephone: (215) 875-4656

5

Telephone: (914) 934-9200
Facsimile: (914) 934-9220
E-mail: Seth@klafterolsen.com
        Fran@klafterolsen.com
        Michael.Reed@klafterolsen.com

Facsimile: (215) 875-4604
E-mail: scarson@bm.net
        sschalman-bergen@bm.net

Michael A. Galpern
Andrew P. Bell
Neel D. Bhuta
LOCKS LAW FIRM
801 N. Kings Highway
Cherry Hill, New Jersey 08034457
Telephone: (856) 663-8200
Facsimile: (856) 661-8400
E-mail: mgalpern@lockslaw.com
        abell@lockslaw.com
        nbhuta@lockslaw.com

Gary E. Mason
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Avenue, N.W., Suite 605
Washington, D.C. 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
E-mail: GMason@wbmllp.com

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Telephone: (202) 470-3520
Facsimile: (202) 800-2730
E-mail: nmigliaccio@classlawdc.com
        jrathod@classlawdc.com

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should review the detailed Settlement Agreement which is on file with the Clerk of the Court. The pleadings and other records in the Action may be examined at any time during regular business hours at the United States District Court for the District of New Jersey, Martin Luther King Building and United States Courthouse, 40 Walnut Street, Newark, NJ 07102. If you have questions about the settlement, you may contact the Settlement Administrator, Angeion, at the above-listed address.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT**.

## CLAIM FORM

*Rivet, et al. v. Office Depot, Inc.*
United States District Court for the District of New Jersey, Case No. 2:12-cv-02992-MF

I HEREBY WISH TO JOIN THIS CASE AND PARTICIPATE IN THE SETTLEMENT OF THIS ACTION IN ACCORDANCE WITH THE TERMS SET FORTH IN THE NOTICE OF PROPOSED SETTLEMENT AND CONSENT TO PARTICIPATE IN SETTLEMENT:

[Printed Name]

_____
**Signature**


_____
**Date**

7

Exhibit 3

## NOTICE OF PROPOSED SETTLEMENT

### *Rivet, et al. v. Office Depot, Inc.*
**United States District Court for the District of New Jersey, Case No. 2:12-cv-02992-MF**

TO: _____

You have received this Notice because you previously had filed a consent to join the above-mentioned matter (the "Action") that was not later withdrawn. As a result, you are eligible to participate in the settlement described in this Notice.

By order of the Honorable Mark Falk entered on [Preliminary Approval Date], you are hereby notified that a settlement has been reached between the parties in the Action.

Pursuant to the terms of the settlement, the Parties estimate your settlement award will be about $ **in bold**. The exact amount you receive might differ depending on some other facts but that is what we estimate assuming the Court approves the Settlement and all the requested awards.

This Notice is to advise you of your rights with respect to the settlement and the Court's final approval of the settlement.

## I.       BACKGROUND OF THE CASE

Plaintiffs Kyle Rivet, Jeremiah Harriet, Jamie Stewart Williams, Brent Kaufman, and Ron Bell, ("Named Plaintiffs"), who worked as Assistant Store Managers ("ASMs") for Office Depot, filed the case alleging that Office Depot failed to pay the proper and full amount of overtime to ASMs in violation of the federal Fair Labor Standards Act ("FLSA") and, for four states, relevant state laws.  In other words, while you were paid some overtime, Plaintiffs contended that you did not receive all of that to which you were legally entitled.  Defendants disagreed and vigorously asserted that the Plaintiffs and all other ASMs were paid overtime in accordance with the FLSA and the state laws.

In 2016, the Court granted Plaintiffs' motion to certify a collective action and to permit notice to be sent to allow individuals to join the case.  Some 300 individuals responded by returning notices of consent that were not later withdrawn.  In addition, the Court certified class actions under the state wage and hour laws of Colorado, Maryland, Oregon, and Washington (the "State Law Classes").

After extended litigation in the court and negotiation, the Parties reached a settlement. It will address the claims of the individuals who joined the case with their consent forms as well as the individuals in the State Law Classes.  If the settlement is approved by the Court, you will be sent a check for your share, half of which will be reported as wages for which you will receive an IRS Form W-2 and the other half will be paid and reported as liquidated damages for which you

1

will receive an IRS Form 1099.  If you do not wish to participate in the settlement, you can do so by not cashing your check, although if you wish to continue to proceed with your claims you would have to begin another legal proceeding represented by new counsel.

The settlement represents a compromise and settlement of highly disputed claims. Nothing in the settlement is intended or will be construed as an admission by Office Depot that the claims have merit or that Office Depot has liability to Plaintiffs or to the other current and former ASMs. Both sides have concluded and agree that, in light of the risks, uncertainties and time of continued litigation, the settlement is fair, reasonable and adequate, and is in the best interests of the Named Plaintiff, all the plaintiffs who returned notices of consent to join the action, the members of the State Law Classes, and Office Depot.

## II.     SUMMARY OF THE PROPOSED SETTLEMENT

### A.     Settlement Formula

The gross settlement amount is $2,900,000, inclusive of fees, costs, administrative expenses and service award (the "Gross Settlement Amount").

The following sums will be paid from the Gross Settlement Amount: (1) attorneys' fees and costs to Plaintiff's counsel of one third of the Gross Settlement Amount (that is, up to $966,666.67), subject to Court approval; (2) reasonable expenses to class counsel not to exceed $93,679.56; (3) an amount not to exceed $26,661.00 to the Settlement Administrator for the cost of administering the settlement; and (4) service awards to the Named Plaintiffs, not to exceed $10,000.00, subject to Court approval.

The individual settlement payments will be calculated as follows: the Settlement Administrator will calculate the amount paid to each Plaintiff based upon his or her proportion of weeks worked for Office Depot in the exempt ASM position in the three years preceding the date he or she opted-in to this lawsuit divided by all the weeks worked during the relevant period of all Plaintiffs.  Per the relevant state laws, the relevant period for members of the State Law Classes brought under Colorado, Maryland, and Washington law runs from May 9, 2011, three years before the filing of the Amended Complaint, to the date of Preliminary Approval, and the relevant period for members of the State Law Class brought under Oregon law runs from May 9, 2008, six years before the filing of the Amended Complaint, to the date of Preliminary Approval.  (If someone is a member of the Collective and a State Law Class, they will be allocated the higher number of workweeks for purposes of the settlement).  The individual settlement payments will be reduced by any required deductions for each individual as set forth in the Parties' Settlement Agreement, including employee-side tax withholdings or deductions.

**To participate in the settlement and receive your award, you do not do need to do anything.** Should the Court approve the settlement, you will be sent a check with your share of the settlement. Should you move and your address change, you must let the Settlement Administrator know at the following address:

**Settlement Administrator [Angeion] Address**

XXXXXXXX
XXXXXXXX
**Phone: XXXXX**
**Email: XXXXXX**

**B.      Release of Claims**

In the event that the settlement is approved by the Court, you will be sent a settlement payment.  When you sign your check, you will agree to the following release:

> You will release against Office Depot and its former and present parents, subsidiaries and affiliates and their officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives, from any and all wage and hour claims, rights, and causes of action, whether known or unknown, under any federal, state, or local wage and hour law, including but not limited to the Fair Labor Standards Act, including without limitation statutory, constitutional, contractual, and common law claims for wages, damages, penalties, attorneys' fees, restitution, or equitable relief to the extent relating to or deriving from a wage and hour claim (including claims for overtime wages or any other wages) relating to employment at Office Depot as an ASM up to and including the date of Preliminary Approval.

**C.      Reasonableness of Settlement**

The Named Plaintiffs and their counsel support this settlement. Among the reasons for their support are the time this case has taken to date and the delays and uncertainties it would take to obtain a trial judgment, the inherent risk of trial, and the possibility of extended appeals, all of which could delay any resolution for up to several years (and possibly obtain nothing).

**III.   EFFECT OF THE SETTLEMENT**

**A.      Released Rights and Claims**

The settlement is intended to settle the released claims against the Defendants and other persons released in the release set forth above.

**B.      Payment**

Your individual settlement payment is expected to be paid about 45 days after the final judicial approval of the Settlement Agreement.

**IV.    FINAL SETTLEMENT APPROVAL HEARING AND YOUR RIGHTS RELATIVE TO THAT HEARING**

The Court will hold a hearing in Room 457 of the Frank R. Lautenberg Post Office & Courthouse, Federal Square and Walnut Street, Newark, NJ 07102, on **[final hearing**

3

**date to be inserted]**, at **[time to be inserted]**, to determine whether the settlement and all the proposed awards should be finally approved.

## V. ADDITIONAL INFORMATION

You may contact any of the attorneys representing you in this case with questions. Their contact information is below:

Seth R. Lesser
Fran Rudich
Michael Reed
KLAFTER OLSEN & LESSER LLP
2 International Drive, Suite 350
Rye Brook, NY 11573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
E-mail: Seth@klafterolsen.com
Fran@klafterolsen.com
Michael.Reed@klafterolsen.com

Shannon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604
E-mail: scarson@bm.net
sschalman-bergen@bm.net

Michael A. Galpern
Andrew P. Bell
Neel D. Bhuta
LOCKS LAW FIRM
801 N. Kings Highway
Cherry Hill, New Jersey 08034
Telephone: (856) 663-8200
Facsimile: (856) 661-8400
E-mail: mgalpern@lockslaw.com
abell@lockslaw.com
nbhuta@lockslaw.com

Gary E. Mason
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Avenue, N.W., Suite 605
Washington, D.C. 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
E-mail: GMason@wbmllp.com

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Telephone: (202) 470-3520
Facsimile: (202) 800-2730
E-mail: nmigliaccio@classlawdc.com
jrathod@classlawdc.com

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should review the detailed Settlement Agreement which is on file with the Clerk of the Court. The pleadings and other records in the Action may be examined

at any time during regular business hours at the United States District Court for the District of New Jersey, Martin Luther King Building and United States Courthouse, 40 Walnut Street, Newark, NJ 07102. If you have questions about the settlement, you may contact the Settlement Administrator, Angeion, at the above-listed address.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT**.